UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Random King,
    Petitioner,

vs.                        Case No. 1:08cv763
                          (Spiegel, S.J.; Black, M.J.)

Warden, Lebanon Correctional
Facility,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a prisoner in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This case is before the Court on respondent's motion to dismiss (Doc. 10) and petitioner's motion for a stay of ruling on the motion to dismiss and for leave to file an amended petition (Doc. 11).

### Procedural Background

On June 3, 2005, the Hamilton County, Ohio, grand jury returned an indictment charging petitioner with one count of murder in violation of Ohio Rev. Code § 2903.02(A) with firearm specification, and one count of carrying a concealed weapon in violation of Ohio Rev. Code § 2923.12(A). (Doc. 10, Ex. 1). The charges stemmed from a shooting incident that occurred on May 14, 2005 in Cincinnati, Ohio, which resulted in the death of Lorenzo Hairston. (*See id.* & Ex. 9, pp. 2-8).

Following a trial before a jury, petitioner was found guilty as charged. (*Id.*, Ex. 4). On April 5, 2006, he was sentenced to consecutive prison terms of 15 years

to life for the murder offense, three years for the firearm specification, and 18 months for the weapons offense; the sentence was to be served consecutively to another sentence imposed on petitioner in a prior criminal case, Case No. B0501300. (*Id.,* Ex. 5).

With the assistance of counsel appointed to represent petitioner on appeal,[1] petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, alleging the following assignments of error:

> 1. The trial court erred to the prejudice of King by permitting the prosecuting attorney to use a peremptory challenge to dismiss a prospective African-American juror in such a manner as to deprive defendant-appellant of his rights to equal protection and a fair trial.
>
> 2. The trial court erred by allowing the admission of King's prior bad acts in violation of Evid. R. 404(B).
>
> 3. The judgment of the trial court is contrary to the manifest weight of the evidence.

(*Id.,* Ex. 7).

On September 21, 2007, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 9). Apparently, petitioner did not pursue an appeal from this decision to the Supreme Court of Ohio. (*See id.,* Brief, p. 10).

However, petitioner did file a timely *pro se* application for reopening of the appeal under Ohio R. App. 26(B) with the Ohio Court of Appeals, First Appellate District, on December 20 2007. He alleged in the application that his appellate counsel was ineffective because he failed to argue that the admission of petitioner's prior bad acts amounted to a federal constitutional violation as opposed to merely a

---

[1] The on-line docket records maintained by the Hamilton County Clerk of Courts reflect that petitioner's appellate counsel was appointed on the same date that petitioner was sentenced. It appears from the record that the attorney, Scott Rubenstein, also represented petitioner at sentencing. (*See* Doc. 10, Ex. 5). It further appears from the record that a different attorney, Gloria Smith, represented petitioner during the pretrial and trial proceedings. (*See id.*, Exs. 2-3, 6).

violation of Ohio evidentiary law. (*Id.,* Ex. 10, p. 2). Petitioner further contended that his appellate counsel was ineffective in failing to raise the following additional claims as assignments of error on direct appeal:

> 1. Appellant ... was denied his Sixth and Fourteenth Amendment[] ... rights, as guaranteed under the Due Process Clause, which required the State to prove beyond a reasonable doubt every element of the crime charged.
>
> 2. Appellant ... was denied his Sixth and Fourteenth Amendment[] rights, as guaranteed under the Due Process and Equal Protection Clauses, where the trial court abused its discretion in denying King's motion to excuse for cause [a] juror who had prior relationship with police officer who testified against King.
>
> 3. Appellant ... was denied his Sixth and Fourteenth Amendment[] rights, as guaranteed under the Due Process Clause, where he is one innocent of the crimes charged and was thereby convicted based on insufficient evidence.
>
> 4. Appellant ... was denied his Fifth, Sixth and Fourteenth Amendment[] rights, as guaranteed under the Due Process and Equal Protection Clauses, where the trial court abused its discretion in denying grand jury transcript on clear showing of particularized need by King that outweighed interests of secrecy.
>
> 5. Appellant ... was denied his Sixth Amendment ... right to the effective assistance of trial counsel, where trial counsel failed to present alibi defense in behalf of King, or to otherwise adequately prepare for trial.
>
> 6. Appellant ... was denied his Fifth, Sixth and Fourteenth[] ... Amendment[] ... rights, as guaranteed under the Due Process and Equal Protection Clauses, to have fair notice of the charges and any convictions or sentences beyond the statutory maximum proven to a jury beyond a reasonable doubt. Also, the failure of tr[ia]l counsel to adequately defend against said denial of fair notice of the charges and illegal convictions and sentences not having been proved to a jury beyond a reasonable doubt resulted in ineffective assistance of trial

3

counsel.
(*See id.*, pp. 2-3).

On January 30, 2008, the Ohio Court of Appeals denied petitioner's application for reopening. (*Id.,* Ex. 12). Petitioner did not file an appeal with the Supreme Court of Ohio seeking to challenge this decision. (*See id.,* Brief, p. 10 & Ex. 13).

Petitioner next commenced the instant habeas corpus action. In the original petition filed on October 30, 2008, petitioner alleged seven grounds for relief:

**Ground One:** Petitioner's Fifth, Sixth and Fourteenth Amendment[] rights were denied [when the] trial court allowed the admission of irrelevant character and prior acts evidence.

**Ground Two:** Petitioner was denied his Sixth and Fourteenth Amendment[] rights ... under the Due Process Clause, which require[s] the State to prove beyond a reasonable doubt every element of the crime charged.

**Ground Three:** Petitioner was denied his Sixth and Fourteenth Amendment[] ... [rights] where he is one innocent of the crimes charged and was thereby convicted based on insufficient evidence.

**Ground Four:** Petitioner was denied his Sixth and Fourteenth Amendment[] ... [rights when the] trial court abused its discretion in denying a motion to excuse for cause [a] juror who had [a] prior relationship with [a] police officer who testified against King.

**Ground Five:** Petitioner was denied his Fifth, Sixth and Fourteenth Amendment[] ... [rights when the] trial court abused its discretion in denying grand jury transcript on clear showing of particularized need by King that outweighed interests of secrecy.

**Ground Six:** Petitioner was denied his Sixth Amendment ... [rights when] trial counsel failed to present alibi defense in behalf of King, or to otherwise adequately prepare for trial.

4

> **Ground Seven:** Petitioner was denied his Fifth, Sixth and Fourteenth Amendment[] ... [rights to] have fair notice of charges and any convictions or sentences beyond the statutory maximum proven to a jury beyond a reasonable doubt. The failure of trial counsel to adequately defend against said denial of fair notice of the charges and illegal convictions and sentences not having been proved to a jury beyond a reasonable doubt resulted in ineffective assistance of trial counsel.

(Doc. 1, pp. 6-7, 9-10A).

Respondent has filed a motion to dismiss in response to petitioner's allegations in the original petition. (Doc. 10). Respondent contends in the motion that petitioner has not exhausted his first claim for relief in the state courts, and, in any event, the claim is not cognizable in this proceeding because it is premised on an Ohio evidentiary rule and thus presents only an issue of state law. (*Id.*, Brief, pp. 11-15). Respondent further contends that petitioner has waived his remaining grounds for relief, because to the extent petitioner raised the claims in his application for reopening, he failed to appeal the denial of his reopening application to the Supreme Court of Ohio. (*Id.,* pp. 15-16).

In reply to the motion to dismiss, petitioner has filed a motion to amend the petition "in order to clarify his claim presentation and more properly explain his exhaustion procedures in the state courts." (Doc. 11). Petitioner also requests in the motion that ruling on respondent's motion to dismiss be stayed "until respondent has an opportunity to respond to the amended petition submitted herewith." (*Id.*).

## OPINION

**Petitioner's Motion To Amend (Doc. 11) Should Be Granted, But Petitioner's Motion For Stay of Ruling On Respondent's Motion To Dismiss (Doc. 11) Should Be Denied And The Motion To Dismiss (Doc. 10) Should Be Granted Because Petitioner Has Waived The Claim Alleged In The Amended Petition**

In his motion filed in response to respondent's motion to dismiss (Doc. 11), petitioner seeks to amend the original petition to assert as the sole ground for relief

5

an ineffective assistance of appellate counsel claim based on counsel's failure to raise on direct appeal the federal constitutional claims alleged in Grounds One through Seven of the original petition. (*See* Doc. 11, Amended Petition, pp. 5-6). Petitioner presented all of these allegations of ineffectiveness on the part of his appellate counsel to the Ohio Court of Appeals in his *pro se* application for reopening of the direct appeal filed pursuant to Ohio R. App. P. 26(B). (*See* Doc. 10, Ex. 10, pp. 2-3).

Petitioner apparently seeks to replace the original petition with the amended petition to remedy any confusion triggered by respondent's motion to dismiss – that is, to the extent that respondent has argued that the petition is subject to dismissal because petitioner has not exhausted the available remedy of a delayed appeal to the Supreme Court of Ohio based on the non-cognizable, state-law claim alleged in Ground One of the original petition, which was raised by his appellate counsel on direct appeal. (*See* Doc. 11; *see also* Doc. 10, Brief, pp. 11-15).

Petitioner's motion to amend the petition (Doc. 11), which is not opposed by respondent, should be **GRANTED**, and the amended petition submitted by petitioner as an attachment to his motion should be filed to replace the original petition filed in August 2008.

Petitioner also requests in the motion that ruling on respondent's motion to dismiss be stayed "until respondent has an opportunity to respond to the amended petition." (Doc. 11, p. 2). However, respondent has already argued in the motion to dismiss filed in response to the original petition that claims raised by petitioner in his application for reopening of the direct appeal are barred from review because petitioner failed to appeal the Ohio Court of Appeals' decision denying petitioner's reopening application to the Supreme Court of Ohio. (Doc. 10, Brief, pp. 15-16).

Thus, because this argument also pertains to the new ground for relief alleged in the amended petition, respondent's motion to dismiss (Doc. 10) is ripe for ruling at this juncture in the proceedings. Accordingly, Petitioner's request for a stay in ruling on the motion to dismiss (Doc. 11) should be **DENIED**.

Turning next to respondent's motion to dismiss, as stated above, respondent essentially contends that petitioner has waived his ineffective assistance of appellate counsel claims alleged in the amended petition due to his procedural default in failing to appeal the denial of his reopening application to the Supreme

Court of Ohio. (*See* Doc. 10, Brief, pp. 15-16).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The claims must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If the petitioner fails to fairly present a claim through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of such claim by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue the claim in the state courts, his claim for habeas corpus relief is subject to dismissal with prejudice on the ground that it is waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, the petitioner has not had a claim considered by the state's highest court and he can no longer present the claim to the state courts, he has waived such claim for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent has argued, petitioner committed a procedural default by failing to timely appeal the Ohio Court of Appeals' denial of his *pro se* reopening application, wherein he raised each of the claims of ineffectiveness that are alleged in the amended petition, to the state supreme court. As respondent has

7

pointed out in the motion to dismiss, no avenue remains open to petitioner in the state courts to pursue his ineffective assistance of appellate counsel claims, because delayed appeals to the Supreme Court of Ohio are not permitted for "appeals involving postconviction relief, including appeals brought pursuant to ... App. R. 26(B)." *See* Rule II, § 2(A)(4)(a)-(b), Rules of Practice of the Supreme Court of Ohio.

Thus, by failing to provide the highest state court in Ohio with an opportunity to consider his ineffective assistance of appellate counsel claims, petitioner has waived his sole ground for relief unless he can show "cause" and "prejudice" for his default or that a "fundamental miscarriage of justice" will occur if his claims are not considered by this Court. *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Engle,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. Petitioner cannot meet any of these requirements, however.

First, petitioner has not demonstrated that failure to consider his defaulted ineffective assistance of appellate counsel claims will result in a "fundamental miscarriage of justice," or in other words, that any of the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

To establish a claim of actual innocence for the purpose of overcoming a procedural bar to habeas review, petitioner "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" based on "new reliable evidence ... that was not presented at trial." *Schlup,* 513 U.S. at 324, 327. The exception is "rare" and is to be applied only in the "extraordinary case," where the "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine the confidence in the result of the trial." *Id.* at 317, 321.

Petitioner has made no such showing in this case. Although petitioner has summarily alleged in one of the defaulted grounds for relief that he is innocent of the crimes charged, and that his counsel therefore should have challenged the sufficiency of evidence supporting his convictions, this argument does not establish a colorable claim of actual innocence sufficient to overcome the

procedural waiver bar to review.[2]  In any event, petitioner's appellate counsel did assert a claim on direct appeal challenging the verdicts of guilt on the state-law ground that they were against the manifest weight of the evidence, which was rejected.  Moreover, to the extent petitioner argues that counsel should have also argued that the evidence was insufficient under the Due Process Clause, establishing a colorable claim of actual innocence requires a showing of factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *Hampton v. United States,* 191 F.3d 695, 703 (6th Cir. 1999); *see also Dixon v. Hudson,* No. 1:05cv2499, 2008 WL 540905, at *7 (N.D. Ohio Feb. 25, 2008) (unpublished).

      Second, petitioner has not demonstrated that cause exists for his procedural default in the state courts.  For the first time in the amended petition, petitioner claims in general terms that he was unable to file a timely appeal to the Supreme Court of Ohio because he "was denied access to a notary to notarize Affidavit of Indigency," which constituted the reason why the clerk of that court refused to accept and returned to petitioner his timely-submitted notice of appeal and memorandum in support of jurisdiction. (*See* Doc. 11, p. 5).

      Petitioner has not alleged any facts or submitted any evidence to support his conclusory allegation that he was denied access to a notary public at his institution of incarceration, which actually prevented him from filing a timely appeal to the state supreme court.  Indeed, it appears from the record that petitioner had access to a notary when he submitted his notarized affidavit in support of his *pro se* reopening application for filing with the Ohio Court of Appeals in December 2007. (*See* Doc. 10, Ex. 10, "Affidavit of Random King In Support of Rule 26(B) Application To Reopen Appeal," p. 3).  The Court of Appeals denied the application soon thereafter on January 30, 2008. (*See id.,* Ex. 12).  Given that petitioner had 45 days in which to file a timely appeal from the January 30, 2008

---

    [2] Petitioner also has conclusorily alleged that his appellate counsel should have raised an ineffective assistance of trial counsel claim based on trial counsel's failure to present an alibi defense.  However, in his reopening application, petitioner only pointed to evidence that was presented into evidence by his counsel at trial to show that petitioner was at work at the time he was purportedly involved in an altercation with the victim the day before the victim was shot and killed. (*See* Doc. 10, Ex. 10, pp. 11-12).  No new evidence was submitted either regarding the altercation or regarding any potential witnesses who could provide testimony in support of an alibi defense on the day the shooting occurred.  Therefore, petitioner has not demonstrated a colorable claim of actual innocence based on this additional claim.

Entry, *see* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio, the undersigned finds that petitioner's unsupported and conclusory contention is suspect, and, in any event, insufficient to demonstrate cause for his procedural default in this case.

Accordingly, in sum, the undersigned concludes that petitioner's motion to amend the petition (Doc. 11) should be granted, but that petitioner's request for a stay of ruling on the respondent's motion to dismiss (Doc. 11) should be denied. In addition, respondent's motion to dismiss (Doc. 10) should be granted because petitioner has waived the sole ground for relief alleged in the amended petition due to his procedural default in the state courts.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's motion for leave to file an amended petition (Doc. 11) be **GRANTED**, but that his motion for stay of ruling on respondent's motion to dismiss (Doc. 11) be **DENIED**.

2. Respondent's motion to dismiss (Doc. 10) be **GRANTED,** and petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 11) be **DISMISSED** with prejudice on the ground that petitioner has waived the claim for relief alleged in the amended petition.

3. A certificate of appealability should not issue with respect to petitioner's sole ground for relief alleged in the amended petition, which this Court has concluded is barred from review on procedural waiver grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" or whether petitioner has stated a viable constitutional claim for relief.

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken

in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  12/1/09                              s/Timothy S. Black
    cbc                                         Timothy S. Black
                                            United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Random King,
    Petitioner,

          v.

Warden, Lebanon Correctional Institution,
    Respondent.

Case No. 1:08cv763
(Spiegel, S.J.; Black, M.J.)

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation **within 10 days** after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed **within 10 days** after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

J:\BRYANCC\2009 habeas orders\08-763grant-amdpet.grantMTD-waiv-iaac-reopenapp-noapplOhSCt.wpd