UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RANDOM KING,

  Petitioner,

 v.

WARDEN, LEBANON CORRECTIONAL
FACILITY,

  Respondent.

NO. 1:08-CV-00763

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's December 1, 2009 Report and Recommendation (doc. 12), to which no objection was filed. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety.

**I. Background**

Petitioner, a prisoner in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1).

On June 3, 2005, the Hamilton County, Ohio, grand jury returned an indictment charging Petitioner with one count of murder, in violation of Ohio Rev. Code § 2903.02(A) with firearm specification, and one count of carrying a concealed weapon, in violation of Ohio Rev. Code § 2923.12(A) (doc. 12). Following a jury trial, Petitioner was found guilty as charged (Id.). On April 5, 2006, the court sentenced Petitioner to consecutive prison terms

of 15 years to life for the murder offense, three years for the firearm specification, and 18 months for the weapons offense (Id.). This sentence was to be served consecutively to another sentence imposed on Petitioner in a prior criminal case, Case No. B0501300 (Id.).

Petitioner's appointed appellate counsel timely filed a notice of appeal to the Ohio Court of Appeals, First Appellate District, alleging the following assignments of error: (1) the trial court erred to the prejudice of Petitioner by permitting the prosecuting attorney to use a peremptory challenge to dismiss a prospective African-American juror in such a manner as to deprive defendant-appellant of his rights to equal protection and a fair trial, (2) the trial court erred by allowing the admission of Petitioner's prior bad acts in violation of Evid. R. 404(B), and (3) the judgment of the trial court is contrary to the manifest weight of the evidence (doc. 12).

On September 21, 2007, the state appellate court overruled Petitioner's assignments of error and affirmed the trial court's judgment (doc. 12). Although Petitioner did not file a timely appeal of this decision to the Supreme Court of Ohio, Petitioner did file a timely pro se application for reopening of the appeal under Ohio R. App. 26(B) with the state appellate court on December 20, 2007 (Id.). Petitioner alleged in the application that his appellate counsel was ineffective because he failed to

argue that the admission of Petitioner's prior bad acts amounted to a federal constitutional violation as opposed to merely a violation of Ohio evidentiary law (Id.). Petitioner further contended that his appellate counsel was ineffective in failing to raise several additional constitutional claims as assignments of error on direct appeal[1] (Id.).

On January 30, 2008, the state appellate court denied Petitioner's application for reopening (doc. 12). Petitioner did not file an appeal with the Supreme Court of Ohio seeking to challenge this decision (Id.).

On October 30, 2008, Petitioner filed his original pro se petition for writ of habeas corpus alleging seven grounds for relief:

**Ground One:** Petitioner's Fifth, Sixth and Fourteenth Amendment rights were denied when the trial court allowed the admission of irrelevant character and prior acts as evidence.

**Ground Two:** Petitioner was denied his Sixth and Fourteenth Amendment rights under the Due Process Clause, which requires the State to prove beyond a reasonable doubt every element of the crime charged.

**Ground Three**: Petitioner was denied his Sixth and Fourteenth Amendment rights where he is one innocent of the crimes

---

[1] Such claims are ultimately reflected in the alleged grounds of Petitioner's instant habeas petition.

-3-

charged and was thereby convicted based on insufficient evidence.

**Ground Four:** Petitioner was denied his Sixth and Fourteenth Amendment rights when the trial court abused its discretion in denying a motion to excuse for cause a juror who had a prior relationship with a police officer who testified against Petitioner.

**Ground Five:** Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights when the trial court abused its discretion in denying grand jury transcript on clear showing of particularized need by Petitioner that outweighed interests of secrecy.

**Ground Six:** Petitioner was denied his Sixth Amendment rights when trial counsel failed to present alibi defense on behalf of Petitioner, or to otherwise adequately prepare for trial.

**Ground Seven:** Petitioner was denied his Fifth, Sixth and Fourteenth Amendment rights to have fair notice of charges and any convictions or sentences beyond the statutory maximum proven to a jury beyond a reasonable doubt.  The failure of trial counsel to adequately defend against said denial of fair notice of the charges and illegal convictions and sentences not having been proved to a jury beyond a reasonable doubt resulted in ineffective assistance of trial counsel.
(doc. 12).

Respondent filed a motion to dismiss in response to

Petitioner's allegations in the original petition, contending that Petitioner did not exhaust his claim for relief in the state courts, and, in any event, the claim is not cognizable in this proceeding because it is premised on an Ohio evidentiary rule and thus presents only an issue of state law (doc. 12). Furthermore, Respondent contends that Petitioner waived his remaining grounds for relief because, to the extent Petitioner raised the claims in his application for reopening, he failed to appeal the denial of his reopening application to the Supreme Court of Ohio (Id.).

In reply to the motion to dismiss, Petitioner filed a motion to amend the habeas corpus petition "in order to clarify his claim presentation and more properly explain his exhaustion procedures in the state courts" (doc. 12). Petitioner also requested in the motion the ruling on Respondent's motion to dismiss be stayed "until Respondent has an opportunity to respond to the amended petition submitted herewith" (Id.).

**II. The Magistrate Judge's Report and Recommendation**

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the relevant factual background and applicable law, and concluded Petitioner's Motion to Amend should be granted, but that Petitioner's Motion for stay of ruling on Respondent's Motion to Dismiss should be denied, and that Respondent's Motion to Dismiss should be granted because Petitioner has waived the claim alleged in the Amended Petition (doc. 12).

The Magistrate Judge first addressed Petitioner's Motion to Amend the original petition to assert as the sole ground for relief an ineffective assistance of appellate counsel claim based on counsel's failure to raise on direct appeal the federal constitutional claims alleged in Ground One through Seven of the original petition (doc. 12). The Magistrate Judge found that Petitioner sought to replace the original petition with the amended petition to remedy any confusion triggered by Respondent's Motion to dismiss - to the extent Respondent argued that the petition is subject to dismissal because petitioner has not exhausted the available remedy of a delayed appeal to the Supreme Court of Ohio based on the non-cognizable, state-law claim alleged in Ground One of the original petition, which was raised by his appellate counsel on direct appeal (Id.).

The Magistrate Judge recommended that the Court grant Petitioner's unopposed Motion to Amend the Petition, and that the amended petition submitted by Petitioner as an attachment to his motion be filed to replace the original petition (doc. 12).

The Magistrate Judge proceeded to address Petitioner's request in the motion that ruling be stayed on Respondent's Motion to Dismiss until Respondent has an opportunity to respond to the amended petition (Id.). The Magistrate Judge found Respondent's motion to dismiss had already argued that claims raised by Petitioner in his application for reopening of the direct appeal

are barred from review because petitioner failed to appeal the Ohio Court of Appeals' decision denying Petitioner's reopening application to the Supreme Court of Ohio (Id.). Because this argument by Respondent also pertains to the new ground for relief alleged in the amended petition, the Magistrate Judge found it appropriate to rule on Respondent's Motion to Dismiss (Id.). Therefore, the Magistrate Judge recommended the Court deny Petitioner's request for a stay in ruling on the motion to dismiss (Id.).

Finally, the Magistrate Judge addressed Respondent's motion to dismiss, which contended that Petitioner waived his ineffective assistance of appellate counsel claims alleged in the amended petition due to his procedural default in failing to appeal the denial of his reopening application to the Supreme Court of Ohio (doc. 12).

In recognizing the obligation of the state courts to protect constitutional rights of criminal defendants, the Magistrate Judge noted that a state defendant must fairly present any constitutional claims in a state court before instituting a federal habeas corpus action. See 28 U.S.C. § 2254(b)(1), (c); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 275-276 (1971). Furthermore, to satisfy the presentation requirement, the defendant's constitutional claims must be presented to the state's highest court. See Hafley v.

Sowders, 902 F.2d 480, 483 (6th Cir. 1990); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845, 848 (1999); Leroy v. Marshall, 757 F.2d 94, 97, 99-100 (6th Cir. 1985), cert. denied, 474 U.S. 831 (1985).  If the state defendant fails to fairly present a claim through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of such claim by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for the state defendant to continue to pursue the claim in the state courts, his claim for habeas corpus relief is subject to dismissal with prejudice on the ground that it is waived.  See O'Sullivan, 526 U.S. at 847-848; Harris v. Reed, 489 U.S. 255, 260-262 (1989).  If a state defendant can no longer bring his constitutional claims in state court due to procedural default, he has waived his right to bring those claims in a federal habeas corpus action, unless he can show cause for the default or that a federal court's failure to consider the claims would result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Engle v. Isaac, 456 U.S. 107, 129 (1982); Wainwright v. Sykes, 433 U.S. 72, 87 (1977).

The Magistrate Judge agreed with Respondent that Petitioner committed a procedural default by failing to timely appeal the Ohio Court of Appeals' denial of his pro se reopening application to the state supreme court (doc. 12).  Furthermore, the

Magistrate Judge found no avenue that remained open to Petitioner in the state courts to pursue his ineffective assistance of appellate counsel claims, because delayed appeals to the Supreme Court of Ohio are not permitted for "appeals involving post-conviction relief, including appeals brought pursuant to . . . App. R. 26(B)" (Id. citing Rule II, § 2(A)(4)(a)-(c), Rules of Practice of the Supreme Court of Ohio).

Having found that procedural defaults in state courts barred federal review of Petitioner's habeas corpus petition, the Magistrate Judge further found that the Petitioner failed to establish "cause" and "prejudice" for his procedural defaults (Id.). Finally, the Magistrate Judge found that the Petitioner failed to show a "fundamental miscarriage of justice if his claims are not considered by this Court" (Id.).

**III. Discussion**

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including, that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), and finding no objection to the Magistrate Judge's Report and Recommendation, the Court finds such Report and Recommendation well-taken in all respects. Petitioner failed to provide the highest state court in Ohio with an opportunity to consider his ineffective assistance of counsel claims, and having also failed to show cause and prejudice for his default or that a fundamental miscarriage of justice will occur absent review, Petitioner has waived his sole ground for relief. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has made no showing of actual innocence by proffering new reliable evidence not presented at trial. Murray v. Carter, 477 U.S. 478, 495-96 (1986). Neither has Petitioner demonstrated that cause exists for his procedural default in the state courts.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 12), GRANTS Petitioner's Motion for leave to file an amended petition (doc. 11), DENIES Petitioner's Motion for stay of ruling on Respondent's motion to dismiss (doc. 11), GRANTS Respondent's Motion to Dismiss (doc. 10), and DISMISSES with prejudice Petitioner's Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 11) on the ground that Petitioner has waived the claim for relief alleged in the amended petition. The Court also DECLINES to issue a certificate of appealability with respect to Petitioner's

sole ground for relief alleged in the amended petition because a jurist of reason would not find it debatable whether this Court is correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-485, (2000). Finally, pursuant to 28 U.S.C. §1915(a)(3), this Court CERTIFIES that any appeal of this order will not be taken in good faith, and any application to appeal in forma pauperis will be DENIED. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: February 4, 2010        /s/ S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge